# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANK L. HINTON,

       Petitioner,

   v.                                                CIVIL ACTION NO. 2:09cv96
                                                           (Judge Maxwell)

WARDEN, UNITED STATES
PENITENTIARY-HAZELTON,

       Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On February 26, 2009, the *pro se* petitioner, Frank Hinton, a federal inmate, filed an Application for Habeas Corpus in the United States District Court for the Eastern District of Virginia, seeking to have credit against his federal sentence for time he spent in state custody. On May 5, 2008, the court granted him leave to proceed *in forma pauperis*. On June 29, 2009, the Federal Magistrate Judge in Virginia recommended that the matters raised by the petitioner be transferred to this Court as raising a challenge to the execution of his sentence. On August 6, 2009, the United States District Court for the Eastern District of Virginia adopted the Report and Recommendation and transferred the case to this Court. On August 20, 2009, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On September 21, 2009, the respondent filed a Motion to Dismiss or, in the Alternative Motion for Summary Judgment. On February 5, 2009, a Roseboro Notice was issued, and on September 23, 2009, the petitioner filed a response.

### II. FACTS

On August 30, 1993, the petitioner was released from the Virginia Department of Corrections

1

pursuant to a parole release. (Doc. 27-1, p. 19). The petitioner was arrested on April 11, 2004 by Virginia authorities for Resisting Arrest and Possession of a Weapon. He was subsequently released on bond. On July 1, 1994, the petitioner was arrested by local authorities in Virginia for Assault and the Use of a Firearm in the Commission of a Felony. As a result of that conduct, a warrant was issued by the Norfolk Probation Office for a probation violation, and a hearing was set for January 17, 1995. The charges for Resisting Arrest and Possession of a Weapon were Nolle Prossed. However, the petitioner remained in jail pending a probation violation in Case No. F1424-91 and new criminal conduct (the July 1, 1994 arrest for Assault and Use of a Firearm in the Commission of a Felony). Virginia authorities gave him credit for his continuous state custody from July 2, 1994 through August 18, 1995. (Doc. 27-1, p2).

Federal authorities charged the petitioner with being a Felon in Possession of a Firearm with regard to the April 11, 1004, arrest and conduct. (Doc. 27-1, p. 2). The petitioner appeared in federal court on a Writ of Habeas Corpus Add Prosequendum on August 30, 1994. The petitioner was returned to the Norfolk City Jail that same day and was again taken into custody via a Writ of Habeas Corpus Ad Prosequendum on February 10, 1995, at which time he was sentenced in the United States District Court for the Eastern District of Virginia to an 100-month term of imprisonment for Possession of a Firearm by a Convicted felon in violation of 18 U.S.C. § 922(g)(1). That same day, he was returned to the State of Virginia in satisfaction of the writ. (Doc. 27-1, p. 3).

On February 22, 1995 , the petitioner was sentenced for a probation violation in Norfolk Virginia Circuit Court in Case No. F1424-91 to an aggregated 11-year term of imprisonment for two counts of Malicious Wounding, and one count of Indecent Exposure. On July 21, 1995, the petitioner was also sentenced in Norfolk Circuit Court in Case No. 94-1515F07B to an aggregated 23-year term of imprisonment for one count of Malicious Wounding and one count of Use of Firearm in Felony for a total term of imprisonment of 34-years with the Virginia Department of Corrections. On August 19,

2

1995, the petitioner began serving his aggregated 34-year sentence with the Virginia Department of Corrections. He received jail credit from July 2, 1994 through August 18, 1995 for a total of 412 days. (Doc. 27-1, p.3).

On January 5, 2009, the petitioner was discharged from the Virginia Department of Corrections. That same day, he was readmitted into the custody of the United States Marshals Service pursuant to a detainer that had been placed against him. The BOP commenced his federal sentence at that time, giving him jail credit from April 1, 1994 through May 24, 1994, and an additional day for July 1, 1994, because that time and not been credited against his state sentence. (Doc. 27-1, p. 4). He has a current projected release date of February 22, 2016 via good conduct time. (Doc. 27-1, p. 25).

### III. CONTENTIONS OF THE PARTIES

Petitioner makes the following argument in his Application for Habeas Corpus:

(1). He was sentenced to a term of 100 to 120 months for a crime for which he was instructed he would receive only 24 months; and

(2) He should receive credit against his federal sentence for the time he spent in state custody, and is therefore, being held in violation of his Fourteenth Amendment rights.

The Government contends that the petition should be dismissed because:

(1) petitioner failed to exhaust his administrative remedies; and

(2) the petitioner is not entitled to credit against his federal sentence for the entire time he was in Virginia state facilities serving state charges.

### IV. STANDARD OR REVIEW

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright

& Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for

failure to state a claim. Id.

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## V. ANALYSIS

**A. Exhaustion of Administrative Remedies**

In the response to the petition, the respondent argues that under the PLRA, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by

5

a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). The respondent then cites several cases in which the Supreme Court has held that under the PLRA, Congress has mandated the proper completion of any prison administrative remedy process capable of addressing an inmate's complaint and providing some form of relief prior to filing suit in federal court. See Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 531 U.S. 956 (2001). In addition, the respondent notes that courts have applied these same principles to petitions for writ of habeas corpus. See Pelissero v,. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); Wright v. Anderson, 2008 WL 583442 (S.D. W.Va. February 29, 2008).

While the undersigned does not dispute that the PLRA mandates the exhaustion of administrative remedies, or that similar principles have been applied in habeas corpus actions, the respondent's argument misses the mark. The requirements of the PLRA are applicable to civil suits in which a prisoner challenges the conditions of his confinement, not habeas proceedings challenging the execution of a sentence under 28 U.S.C. § 2241. See LaRue v. Adams, 2006 WL 1674487 *5 - *7 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)).[1]

Moreover, to the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under

---

[1] In LaRue, the Southern District of West Virginia noted that the purpose of the PLRA was to curtail the filing of frivolous prisoner civil rights actions. LaRue 2006 WL 1674487 at *7. In addition, the Court found it significant that Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) nearly simultaneously with the PLRA and that under the AEDPA Congress established separate procedures for addressing abusive habeas filings. Id. Moreover, the Court found that habeas actions were not typical civil actions because they involve someone's liberty, rather than claims of mere civil liability. Id. The Southern District cited several other district and circuit court cases that have also come to the conclusion that the PLRA and its exhaustion requirements are not applicable to habeas corpus proceedings. Id. (listing cases). The undersigned agrees with the reasoning of the Southern District of West Virginia and finds that a prisoner's challenge to the execution of his sentence under § 2241 is not subject to the PLRA's exhaustion requirements.

§ 2241 are merely judicially imposed. Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See Larue. at *8 (recognizing that several circuit and district courts have found that the exhaustion requirements may be waived under § 2241 and noting that although the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions).

Here, it is not disputed that petitioner failed to exhaust his administrative remedies prior to filing suit in this court. However, this case has been served, a response has been filed and the matter is ripe for review. Therefore, to dismiss this case for the failure to exhaust at this juncture of the litigation would be a waste of judicial time and resources. Accordingly, the undersigned recommends that exhaustion be waived and this case proceed to a determination on the merits.

**B. His federal sentence of 100 months exceeds the 24-months he was instructed he would receive.**

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner alleges that his sentence exceeds the statutory maximum, he is seeking to have his sentence vacated, and , therefore, is seeking §2255 relief not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is

7

"inadequate or ineffective to test the legality of his detention." See 28 U.S..C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2001). Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[2]

Id. at 333-34.

Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones,

---

[2]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

8

violation of 18 U.S.C. § 922(g)(1) remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition with respect to this argument.[3]

**B. Prior Custody Credit**

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, supra at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

---

[3]Furthermore, to the extent that the petitioner argues that he "agreed" to a 24-month sentence, there was no written plea agreement in this matter and no evidence that would support his claim that he had reason to believe, by virtue of his plea, he would receive 24 months incarceration. (Doc. 30, p. 4). Moreover, the statutory maximum penalty for violation of 18 U.S.C. § 922(g)(1) is 120 months. See 18 U.S.C. § 924(a)(2).

In this case, the BOP commenced his sentence on January 5, 2009, the date he was discharged from the Virginia Department of Corrections and was admitted into the custody of the United States Marshal Service.[4] In addition, he was given jail credit from April 11, 1994 through May 24, 1994, and an additional day for July 1, 1994, as that time did not appear to be credited against any of his state sentences. (Doc. 27-1, p. 4). Therefore he has earned the maximum prior custody credit to which he is entitled under 18 U.S.C. § 3585(b).

## VI. <u>RECOMMENDATION</u>

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 26) be **GRANTED**, the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**, and the petitioner's Motion for Bond (Doc. 8), Motion for Writ of ad prosequendum (Doc. 9), Motion for Copies of Case Records (Doc. 18), Motions for *Non Pro Tunc* (Docs. 22, 23) and Motios for Release from Custody (Doc. 33) be **DENIED AS MOOT**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right

---

[4] The mere fact that state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has begun to run. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." <u>Id</u>. at 912. <u>See</u> <u>also</u> <u>Thomas v. Whalen</u>, 962 F.2d 358, 361 n.3 (4th Cir. 1992)("A prisoner is not even in custody for purposes of section 3568 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.").

to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: October 22, 2009

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE